## KELLEY *vs.* SANBORN.

An admission by one of two makers of a promissory note, upon the exhibition of the note, that it was as he expected, and that the amount of an endorsement upon it, which had been paid by the other maker within six years, was correct—and his answer to an enquiry how he expected to get clear of paying it, that he supposed there must be a formal demand before a suit could be maintained; will not take the case out of the statute of limitations.

ASSUMPSIT upon a joint and several promissory note, signed by the defendant and one Jethro Sanborn, dated May 17, 1827, payable to plaintiff, or order, on demand, with interest. The defendant pleaded the statute of limitations.

In order to take the case out of the statute, the plaintiff offered evidence, that a few days before the commencement of this suit, the defendant came to the plaintiff's attorney, and requested to see the note, which was exhibited to him. The plaintiff's attorney then asked him if the note was as he expected, to which he replied that it was. He further asked him if the endorsement on the note was correct, and he answered that it was, and that the ten dollars named in the endorsement were paid. This sum, it appeared, was paid by Jethro Sanborn, Feb. 1, 1833, the defendant not being present. The plaintiff's attorney then asked him how he expected to get clear of paying the note, to which he replied that he supposed there must be a formal demand made by the holder of the note, before he could maintain a suit.

Upon this case it was agreed that judgment should be rendered for the plaintiff or defendant, according to the opinion of this court.

*I. A. Eastman,* for the plaintiff, cited 14 *Pick.* 387, *Sigourney* vs. *Drury.*

*James Bell,* for the defendant.

PARKER, J. The principles which must govern this case have already been settled in this state.

There is nothing in what was said by the defendant, from which the jury can infer a promise. 4 *N. H. R.* 315, *Atwood* vs. *Coburn ;* 6 *N. H. R.* 132. There was no admission of an existing debt, or anything indicative of an intention to pay the note. The defendant admitted that Jethro Sanborn had paid the money endorsed, but that cannot be construed into an admission that he himself owed anything. The most that can be said is, that there was no formal denial by the defendant of his liability; but he at the same time indicated that he supposed there was an obstacle to the maintenance of a suit, at that time at least.

Taken together, then, there is nothing on which to found an inference of a promise. Nor can the payment by Jethro Sanborn avail to take the case out of the statute, as to the defendant. 6 *N. H. R.* 124, *Exeter Bank* vs. *Sullivan.*

*Judgment for the defendant.*