# WHIPPLE, Adm'r. *v.* STEVENS.

A leading interrogatory, in a deposition taken when both parties are present, must be objected to at the time it is put, otherwise any objection thereto will be regarded as waived.

When a party, duly notified of the caption of a deposition before a commissioner in New York, did not personally attend, but questions were propounded to the deponent, by the commissioner, at the request of the attorney of the party, and the commissioner duly certified in the caption that " the defendant was not present, but the deponent was examined and the defendant did object," which objection was also made, and certified by the direction of the attorney of the party ; it was *held,* that the party must be regarded as having been personally present at the caption.

Where it was certified in the caption of a deposition, that " the defendant objects to the foregoing deposition, both as to the form in which it is taken, and the matter testified to by the witness," it was *held,* that the objection was too general, and could not avail the defendant, as an objection to the leading character of an interrogatory, contained in the deposition, the grounds thereof not being specified.

A partial payment of a promissory note, amounts to an acknowledgment of a present subsisting debt, which the party is liable, and willing to pay ; from which, in the absence of any act or declaration of the party making the payment, inconsistent with the idea of a liability, and willingness to pay, a jury may, and ought to infer a new promise to pay the balance thereof.

But a partial payment by one of two joint promisors, in the absence of the other, is not sufficient to take a case out of the operation of the statute of limitations, as to that other.

Where a partial payment was made upon a promissory note, by the surety in the presence of the principal, who well knew and understood the fact, but said

Whipple *v.* Stevens.

*nothing in relation thereto ; it was held, that such payment afforded sufficient ground on which to found an inference of a new promise, as to the principal.*

ASSUMPSIT. This action was brought for the recovery of a promissory note, made by John Stevens and Horace Ames to the plaintiff, as administrator of the estate of Jonathan Ames, for one hundred dollars, dated October 23, 1840, and payable on demand with interest.

With the general issue, the defendant filed a brief statement, that the cause of action did not accrue within six years next before the action was brought.

To prove a new promise, the plaintiff introduced the deposition of D. H. Dustin.

To the first question proposed by the plaintiff, the defendant objected at the trial, on the ground that it was leading. The plaintiff admitted it was so, but contended that the defendant, being present at the time of the taking, and having then made no objection, had waived his right to object ; and the Court so held, and admitted the evidence ; to which the defendant excepted.

In the caption of the deposition, signed by a Commissioner resident at New York, it is certified " that the said John Stevens being duly notified, was not present, but deponent was examined, as appears, and defendant did object, as also appears." In the deposition, two questions are proposed, introduced thus : " Question by the commissioner at the request of the attorney for defendant :" and at the close is added, " The defendant objects to the foregoing deposition, both as to the form in which it is taken, and the matter testified to by the witness." The court held this to be a general appearance.

The witness testified that he was a student in the plaintiff's office in the year 1842, having the care of the ordinary business of the office, and being authorized to receive money, settle accounts, &c., in the plaintiff's absence. In July or August, 1842, Horace Ames paid him ten dollars, in the presence of John Stevens, for the plaintiff, as administrator of the estate of Jonathan Ames. The plaintiff was absent at the time. Ames and

Whipple *v.* Stevens.

Stevens met him as he was going into the office. Ames said, " Tell Tom," meaning the plaintiff, " Stevens has paid ten dollars on his note, and will pay more soon," or words to that effect. All three went into the office together. Witness looked in the trunk where the office papers were kept, to find the note and indorse the money, and did not find it. On reflection, witness thinks Stevens said, the note was given to the estate of J. Ames, and the note might be found with the papers belonging to that estate. Ames then said, " Tell Tom to indorse the money on that note when he comes home." Witness agreed to do so, and they left. Stevens was present, and heard all the conversation, and took part in it, as above stated. When the plaintiff came home, witness handed him the money, told him the note it was to be applied on, and what was said as to paying more.

The defendant offered in evidence the deposition of Horace Ames, which was objected to, because said Ames was a surety upon the note, and was not released. A release being produced, and it appearing to be executed before the taking of the deposition, the objection was withdrawn. The second question and answer were objected to as immaterial and irrelevant, inasmuch as they related wholly to the release made to the witness, and had no bearing upon the issue to be tried, and the Court sustained the objection ; to which the defendant excepted.

The court charged the jury that if they found from the evidence, that Ames paid any sum on the note, on his own account, in the presence of Stevens, and Stevens, knowing and understanding what was done, said nothing in relation thereto, they might infer from those circumstances a new promise by Stevens to pay the note. 'To this direction the defendant excepted.

The jury found a verdict for the plaintiff, and the defendant moved to set the same aside, by reason of said exceptions.

And it was ordered, that the questions arising upon the foregoing case be reserved, and assigned to this Court for decision.

*Quincy*, for the defendant.

The first exception presents a question of importance in practice. The authorities go so far as only to decide, that leading

interrogatories must be objected to, when both parties are present. *Woodman* v. *Coolbroth*, 7 Greenl. Rep. 181; *Sheeler* v. *Spear*, 3 Binney, Rep. 120; *Strickler* v. *Ford*, 10 Serg. & Rawle, 63. In this case, the party was not present, and objection was made to the form of the deposition. To hold, that the qualified appearance, in this case, was a waiver of the exception, would have a tendency to involve parties in a great and unnecessary expense, in taking depositions at a distance.

The defendant contends, that the charge of the Judge to the jury was erroneous. An acknowledgment of a debt that will warrant the finding of a new promise, must be an unqualified and direct admission of a present existing debt, which the party is liable and willing to pay. *Exeter Bank* v. *Sullivan*, 6 N. H. Rep. 135. It must be taken, under this charge, that Stevens made no admission whatever of an existing debt, in regard to himself. The most that can be said is, that he made no denial of his liability, when nothing was said in regard to it. He simply stood by, and saw his co-promisor pay the money on the note, and thereby acknowledged himself liable to pay it, without denying his own liability. We apprehend this is going farther than any of the adjudged cases. *Kelly* v. *Sanborn*, 9 N. H. Rep. 46. How can it be inferred that the defendant made a direct and unqualified admission of an existing debt, which he was liable and willing to pay, when he said nothing and did nothing in regard to the note. It will not answer to say that a new promise might be inferred on the part of Stevens, from the whole of the testimony of Dustin taken together, because there was conflicting testimony, and the case was put to the jury by the Judge in the precise manner stated by the exception. The jury were not instructed that a new promise might be inferred, if the defendant was present, and knew that Ames paid any sum on the note, on his, the defendant's, account, and said nothing in relation thereto,—but were instructed, that, if they found from the evidence that Ames paid any sum on the note on his own, the said Ames's, account in the presence of Stevens, and Stevens knowing and understanding what was done, said nothing in relation thereto, they might infer from those circumstances a new

Whipple *v.* Stevens.

promise by Stevens to pay the note. I have found no authority which will sustain the ruling.

*H. A. & W. J. Bellows,* (with whom was *Herbert,*) for the plaintiff.

I. Leading questions in depositions, must be objected to at the time of the caption, or the exception is waived.

II. Any objection to the form of taking the deposition, in order to be of any avail, must be specified, otherwise it stands as if no objection had been taken.

This is in accordance with the settled practice in courts, in regard to exceptions. *McConihe* v. *Sawyer,* 12 N. H. Rep. 396. In this case the grounds of the objection are not specified. It stands then as if no exception had been taken.

III. The substance of the instruction to the jury, was, that even if the money was furnished and paid by Ames, yet, if Stevens was present, and understood what was said and done, and made no objection, it was enough.

There was ample evidence to warrant the finding of the jury. The makers of the note came together and joined in a payment upon the note — that is, in the act of payment — and it is no matter who furnished the money. The payment and all that results from it, was the joint act of the two.

Besides, there was evidence tending to show the payment to have been made by Stevens, and it was so represented by Ames at the time, in Stevens's presence, and not objected to.

And beyond that, Ames said, " Stevens will pay more soon," and no objection was made by Stevens. This is evidence of an express promise to pay. So the instruction to the jury, properly understood, is fully justified.

IV. The testimony of H. Ames about the release, was wholly immaterial. The inquiries might have been made on cross-examination, to affect his credit, but not by the party producing him.

WOODS, J. The defendant was not in fact present at the caption of the deposition of Dustin. But the certificate of the ma-

gistrate shows that, although Stevens was not present, yet he was duly notified, and caused the deponent to be cross-examined, and an exception to be made and certified, touching the caption. The defendant availed himself of all the rights, and advantages usually enjoyed or exercised, in virtue of a notice, or by reason of being personally present. Questions were propounded to the witness, by the commissioner, and the answers of the witness thereto were taken; and that, too, by the direction of the attorney of the defendant; and we deem it a proper and legitimate inference, that the objection to the deposition was stated by the commissioner upon a like request. After having thus availed himself of every advantage usually resulting from a notice and personal presence, we think the defendant may well be regarded as having been present. He is not, under the circumstances, to be heard to say that he was not present. He caused the commissioner to act for him, and in his behalf, to a certain extent, — as far as he deemed it useful; and, whether that course was proper or not, on the part of the commissioner, it does not lie with the defendant to allege its impropriety, or to claim exemption from its ordinary effect upon his legal rights. The question then recurs, whether the objection taken to the deposition can prevail. If not well taken at the caption, it was too late to take it at the trial. The objection taken at the trial was upon the ground that the question propounded to the witness was a leading question, and it is admitted that such was its character. In *Whicher* v. *Whicher*, 11 N. H. Rep. 356, it is said, that on the taking of a deposition, a leading question must be objected to at the time it is put to the witness; because, if objected to then, the question might have been varied, and addressed to the witness, free from any objectionable character. So in *Woodman* v. *Coolbroth*, 7 Greenl. Rep. 181, it is said, that " a leading interrogatory, in a deposition, taken when both parties are present, must be objected to at the time it is put to the witness, if at all." A similar rule is laid down in *Sheeler* v. *Spear*, 3 Binn. 180. See, also, *Anon.* 2 Pick. 165 ; and Daniell's Ch. Prac. 1047, note (2). And it is a well settled general principle of law, that a party knowing of an objection, of the character of that under consideration, which,

if brought to the attention of the opposite party might be obviated, shall not be allowed to make it at a subsequent time, when it cannot be remedied. *Gear* v. *Smith*, 9 N. H. Rep. 63. In such case the exception is regarded as waived. A different rule of law, would open a wide door to fraud and injustice. The exception taken at the trial was therefore properly overruled.

The objection stated in the caption is too general to avail the defendant. It was " to the foregoing deposition, both as to the form in which it was taken, and the matter testified to." If it had been to the leading character of the particular interrogatory, the form might have been changed, and the objection obviated. Such a specification of the ground of objection could alone establish a right in the party to insist upon the same objection at the trial. By the general form in which the objection was taken, the party was left to conjecture upon which of many specific objections that might be embraced in it, the party making it, intended to rely. An exception taken even at the trial, if the ground be not specified, will not avail a party to set aside a verdict; and particularly so, if it is of a formal character. *McConihe* v. *Sawyer*, 12 N. H. Rep. 396. By such omission to specify the particulars of the exception, and to draw the attention of the other party unmistakably to them, it will be regarded as waived. We are, therefore, clearly of the opinion, that the ruling of the Court below, allowing the deposition to be given in evidence to the jury, was correct.

The deposition of Horace Ames was produced by the defendant, and used upon the trial. The second question and answer were objected to, and the objection was sustained by the Court. The ground of the objection was, that they were immaterial and irrelevant, inasmuch as they related wholly to a release given by the defendant to the witness, in order to render him competent to give testimony in the cause ; and it is to be taken upon this case, that such was the nature of the question and answer, and that the same had no bearing upon the issue to be tried. No doubt exists of the correctness of the ruling rejecting the evidence, and that it can furnish no ground for setting aside the verdict. It is well settled, as a general rule, that the admission of

immaterial evidence, furnishes no ground for a new trial. *Norris* v. *Badger*, 6 Conn. 449 ; *Hamblett* v. *Hamblett*, 6 N. H. Rep. 333, and cases cited. If the admission of evidence, wholly immaterial and irrelevant to the issue, forms no ground for setting aside a verdict and granting a new trial, it would seem difficult to find any reasonable principle, upon which its rejection could justify a claim of right to a new hearing.

The effect of the ruling of the Court was, at most, to withhold from the jury evidence which did not tend to prove the issue to be tried. The party was not deprived of the benefit of any competent evidence. Most assuredly, the rejection of incompetent and irrelevant proof, can never form a ground for setting aside a verdict. The mere statement of the case shows that the exception is idle, and cannot therefore be sustained.

A further, and more important and difficult question than either of the others, remains to be decided. The note declared on was the joint note of the defendant and Horace Ames. The defendant was the principal debtor, and Ames his surety. It is to be assumed upon the charge of the Judge, in the court below, and upon the finding of the jury, that in July, or August, 1842, Horace Ames, the surety, out of his own funds, paid a sum of money upon the note, in part payment thereof, in the presence of the defendant, and that the defendant knew and understood what was done, and said nothing in relation thereto. And the question raised upon the case is, whether it was competent for the jury to infer, from those circumstances, a new promise by the defendant to pay the balance of the note. It is well settled that a partial payment of a debt amounts to an acknowledgment of a present subsisting debt, which the party is liable and willing to pay ; from which, in the absence of any act, or declaration, on the part of the party making the payment, inconsistent with the idea of a liability and willingness to pay, a jury may and ought to infer a new promise. *Sigourney* v. *Drury*, 14 Pick. 387 ; *Bell* v. *Morrison*, 1 Peters, 351 ; *Exeter Bank* v. *Sullivan*, 6 N. H. Rep. 124. And it is equally well settled here, that a partial payment by one of two joint debtors, in the absence of the other, is not sufficient to take a case out of the operation of the statute of

limitations, as to the other debtor. *Exeter Bank* v. *Sullivan*, 6 N. H. Rep. 124. The question is now made, whether a payment made by the surety in the presence of the principal debtor, who well knows and understands the fact, but who neither expressly assents thereto nor dissents therefrom, but who in fact says nothing in relation to it, can have the effect to take the case out of the statute as to the principal ; or, in other language, will furnish competent evidence of a new promise, on the part of the principal debtor. It may be proper here to notice the fact, that the note had run less than two years, when the payment was made which is relied upon to take the case out of the operation of the statute.

The note was dated October 23, 1840, and the payment was made in July, or August, 1842 ; and consequently the right of action, at that time, was not barred by the statute. The surety, then, had a clear right to make the payment which he did make upon the note, and thereby entitle himself to an action to recover of the defendant the amount paid. It may then well be regarded as a payment made with the implied assent of the defendant, who was present and had opportunity, but made no objection thereto. This case we regard as clearly distinguishable from those cases in which it has been decided that a partial payment, by one joint debtor, will not take the case out of the statute of limitations as against another, who was not present. In the latter case, no assent can be implied ; the party not being present, and having no opportunity to signify his dissent. The payment, in the present case, must be considered as having been made with the full assent of the defendant, implied from his presence and silence ; and we regard such a payment as equivalent to a payment by the party attempted to be charged, and as having, as evidence of a new promise, the same legitimate operation. In this case, Ames was merely surety, and paid the money, it is to be presumed, out of his own funds ; and the payment " upon his own account" could be understood in no other sense, than as a payment in discharge ` of his own liability as such surety, which at the same time operated to discharge, to the same extent, the direct liability of the defendant, to the payee of the note.

Whipple *v.* Stevens.

The defendant's counsel, in his argument, cited the case of *Kelly* v. *Sanborn,* 9 N. H. Rep. 46, in support of his exceptions taken to the charge of the Court to the jury in the Court below. But we think this case entirely distinguishable from that. In that case, the defendant was not present at the time of the payment upon the note, made by the other co-promisor. Upon such payment alone, we have seen that the party could not be charged with a new promise. It is true that the defendant, in that case, afterwards, upon presentment of the note to him, and inquiry made, if the indorsement were correct, answered that it was ; but in the same conversation, being also asked how he expected to get clear of paying the note, he replied that "he supposed there must be a formal demand, made by the holder of the note," before the suit could be maintained. In that case, the Court, in delivering their judgment, say, that " The most that can be said is, that there was no formal denial by the defendant of his liability ; but he, at the same time indicated that he supposed there was an obstacle to the maintenance of the suit at that time, at least : taken together, then, there is nothing on which to found an inference of a promise." The entire correctness of that decision we cannot doubt. It rests upon the general principle, to be found in the cases, that the whole that is said by the party at the time, is to be construed together ; and where a distinct, and express acknowledgment of a present and subsisting debt, or a payment in part thereof, is accompanied by any act or declaration, inconsistent with the idea of a willingness to pay the debt, the presumption of a promise to pay, which would otherwise be properly made, would be thereby rebutted. This case, in its facts, stands wide of the ground upon which that case was determined, and is not at all affected by that decision ; at the time of the payment, no acts were done, or language used by the defendant, indicative either of a denial of liability, or of an unwillingness to pay the note in question, although he had ample opportunity to do both, and we see no reason for holding that the payment, thus made, stands upon any other ground than it would, if made by the hand of the defendant himself, or is less indicative of an intention on his part, to pay the note. He was

present and knew and understood that the payment was made, and impliedly assented to it, and must have been liable to Ames for the sum so paid, as before stated; and it is difficult to see how the delivery of the money by the defendant himself, could have added any force to the transaction, as indicating or tending to show a confession of a subsisting debt, and a liability and willingness to pay the same.

Upon the whole, we are satisfied that the ruling of the Court, in this particular, was correct, and that there must be,

*Judgment on the verdict.*