Tilghman C. J.
(After stating the case.) The ground Of the Court’s -opinión -was, that proof of the actual marriage was necessary. In England, when an issue -of this kind is joined between persons of the established church, it is decid *477 ed by a certificate from the bishop of the-diócése, in which the marriage is alleged to have been celebrated. But where the parties are dissenters from the established religion, the trial' is by jury. Whether in that case proof of the actual marriage is required, does ■ not clearly appear by the cases which have been cited in the argument. It is not pretended, however, that proof of actual marriage has been held .necessary by any decision in this state. We feél ourselves at liberty, therefore, to consider the point on principles of general convenience and expediency. There is no reason in the nature of the thing, why a woman should not receive dower on such proof of her marriage as should be satisfactory to the jury. We have no established church. A certificate from the bishop, therefore, is out of the question. We have no law compelling the keeping of- a register by all persons who perform the marriage ceremony. Our marriages are celebrated sometimes by clergymen, sometimes by justices of the peace and sometimes before witnesses, without the intervention of clergymen or justices. Many of our citizens are emigrants from foreign countries where they were married. Many marriages take place in parts of our country but thinly settled. To hold a woman, therefore, to proof of her actual marriage might be productive of very great inconvenience, without any advantage. For what advantage is-there, in rejecting evidence which fnight be perfectly satisfactory to the jury of the fact of marriage l In the present instance, the marriage, if there was one, must have taken place nearly fifty years ago. The probability is, therefore, that no person, present at the marriage is now in existence. In establishing laws of evidence, arguments from inconvenience .have very great weight: so great indeed, that a pressing inconvenience has in many cases produced an exception from the general rule, as appears particularly with regard to trade and commerce, which have been greatly extended since the rules of evidence were first established. We must pay regard to the situation of our own country, which is not in all instances 'adapted to the regulations that might be very proper in other countries. Taking all these things-into consideration, I am of opinion, that in the action of dower,'circumstances short • of positive proof, are proper to be given in evidence. CWu?-bitatjon and reputation, especially of an ancient date, are very strong circumstances, and ought in this case to have.gone to *478 the jury. I am, therefore, of opinion, that the judgment should be reversed, and a venire facias de novo be awarded. It is proper to mention, that our late brother Judge Brackenridge, who heard the argument, concurred in this opinion.
Yeat^s'J. was'sifcfe and absent.
Gibson J. concurred.
Judgment reversed, and a venire facias. de novo awarded.