The opinion of the Court was delivered by
Gibson J.
The question is supposed to depend on the authority of Morris v. Miller; in which it was held, that proof of actual marriage was requisite in contradistinction to proof of co-habitation, reputation, and other circumstances from which a marriage might be inferred. That case, for every thing decided, in it, is good authority ; for nothing is more certain, than that to support an action for criminal conversation, there must have been an actual marriage. But it is *161 quite another thing to say, that such a marriage shall be proved only by the oath of an eye witness to the marriage ceremony. We at once feel the good sense of the rule that excludes the mere reputation of marriage, which always arises from the declarations cir actsvof the plaintiff himself; but how a defendant’s unqualified and positive acknowledgment of a marriage in fact, can be excluded on any principle or rule of evidence, I am at a loss to discover. For take it, that the action is, as it was considered by Lord Mansfield, in the nature of a criminal prosecution: is not a voluntary and explicit acknowledgment of any fact charged, if made when it was conceived to be to the prejudice of the party, always competent evidence against a defendant indicted of a felony or misdemeanour ? In bigamy, such a confession of the first marriage is thought, by Mr. East, competent to go to the jury. 1 East, P. C. 470. But Lord Mansfield, in delivering the opinion of the Court in Morris v. Miller, certainly did not in express terms decide, that an acknowledgment of the marriage by the defendant, was not evidence to go to the jury, for as much as it was worth. He seems to have more particularly had in view, the question of the competency of co-habitation, and reputation of marriage, drawn from the plaintiff’s own acts : yet that seems strange, for the counsel made the competency of the defendant’s acknowledgment, a principal point in the argument. It seems, however, from a statement of the case in Bulk N. P. 28, (where it appears that the defendant being asked “ where is major Morris's wife?” replied, “ in the next room,”) that what the defendant had said, was considered as an acknowledgment that the lady went by the name of Morris’s wife: not that she had actually been married to him. But still the mind is at a loss for a well founded objection to the competency of the evidence ; for the meaning and extent of the acknowledgment, depended on all the circumstances taken together, and were evidently proper for the consideration of the jury. The acknowledgment was after the fact of seduction, and might strictly be said to have been made to the defendant’s own prejudice, and to have been so conceived by him at the time. The same view of the case is substantially taken in 2 Phill. Ev. 115, where a conclusion is drawn that an acknowledgment of the marriage by the defendant, is perfectly competent, *162 although in many cases it may, according to circumstances, be of little weight.
But Were the rule different in England, circumstances peculiar to this country, would.require it, in some degree, to be relaxed. The boundless field for enterprise in the new. States that are continually forming, renders the habits of the people of America, essentially those,of migration ; and beside, no inconsiderable portion of the population is made up of emigrants from abroad ; many of whom are married when they come here. The witnesses’to marriages celebrated here, are, in the usual course, soon dispersed over this extensive country; and neither their testimony, nor that of the witnesses to marriages abroad,, can ordinarily be had, except at an expense that puts it beyond the reach of all whose circumstances are not above mediocrity. We have no parish registers in Pennsylvania; and even if we had, the same difficulty would still be found.in procuring proof of the identity of the persons named in the register. We have in fact, nothing which answers to the mode of perpetuating the evidence of marriages under Stat. 26. G. II. c. 33; and this is often a cause of serious difficulty, particularly to the children of foreigners who have married here; which ho power but that of the Legislature can remove. These, in pursuing the-right of succession abroad, are sometimes embarrassed with the want of documentary evidence of pedigree, which would have been readily obtained had they been born in any country in Europe. The Courts, however, should give every facility- consistent with justice, in proving marriage. In Chambers v. Dickson, 2 Serg. & Rawle, 475, it was well remarked by the Chief Justice, that in establishing, rules of evidence, arguments from inconvenience have great weight; and that we must pay great attention to the situation of our own country, which is not, in all instances, adapted to regulations that are very proper in other countries. To say that an action .for criminal conversation could not be sustained without proving the marriage by a witness who was present af the ceremony, would be to grant an almost unlimited license to inflict this species of injury with impunity..
This is the only point submitted, and I am of opinion, that the'judgment be reversed.
Judgment reversed, and a venire facias de novo awarded.