GEORGE A. SCHERPF v. EDWARD L. SZADECZKY.

In an action for enticing away the plaintiff's wife and detaining and harboring her, proof of an actual marriage is not required. Evidence of cohabitation, reputation, acknowledgment and the like, is sufficient.

It may also suffice to prove the defendant's admission that the parties are man and wife.

Where the marriage is denied, and the plaintiff has given sufficient evidence to establish it, *prima facie;* the defendant cannot examine the alleged wife to disprove the marriage.

When, in such an action, a jury found for the plaintiff the sum of $10,000; the court, on appeal, refused to set the verdict aside, on the ground that the damages were excessive, although the defendant was in moderate pecuniary circumstances, and the evidence in the case as to his culpability was conflictive.

THE complaint in this action charged that the defendant had enticed away the plaintiff's wife from her husband's house in the city of New York, and had detained and harbored her at the defendant's residence in Brooklyn.

The answer put in a general and specific denial of the allegations in the complaint.

At the trial, the plaintiff produced evidence of cohabitation, general reputation and acknowledgment by himself and the woman in question, and it appeared that both had held themselves out as man and wife. It was also shown that the defendant had spoken of her as married to the plaintiff.

The defendant moved for a nonsuit, on the ground that no direct proof of an actual marriage had been introduced. The motion was denied and the defendant excepted.

Numerous witnesses were sworn upon either side, relative to the facts and circumstances of the act with which the defendant was charged. To disprove the allegation of marriage, the defendant called Catharine Coombs, otherwise called Catharine Scherpf, the alleged wife. Her testimony was objected to and excluded, on the ground that, *prima facie*, she was proved to be the plaintiff's wife, the judge presiding at the trial remarking, however, that the question

Scherpf *v.* Szadeczky.

of marriage was not taken from the jury, and was to be determined by them upon the evidence in the case.

The evidence of the plaintiff tended to prove that his relations with his alleged wife had been happy until, after years of domestic peace, she was induced by the defendant to reside with him; and there was testimony that a spirit of malevolence had been manifested by the defendant against the plaintiff. On the other hand, there was evidence of aversion to the plaintiff on the part of the alleged wife. It was said that she had sought the defendant's dwelling as a boarding house, in order, voluntarily, to live apart from her reputed husband.

The situation of the parties indicated moderate resources.

A jury found a verdict for the plaintiff, assessing the damages at $10,000. The defendant moved for a new trial upon a case made. The following opinion was filed upon the decision of that motion at a special term:

WOODRUFF, J.—A motion is made by the defendant for a new trial herein. Several exceptions were taken by the defendant on the trial, but his counsel rests the present motion upon three grounds:

*First.*—In an action on the case for enticing away the plaintiff's wife, and detaining and harboring her, &c., the plaintiff must prove an actual marriage. Evidence of circumstances, which warrant a presumption of marriage, and which in general are sufficient to sustain a verdict, are, in this particular case, insufficient.

I have carefully reconsidered the arguments presented upon the motion for a nonsuit urged on the trial upon this ground, and more fully discussed upon this motion, and I still entertain the views expressed on the trial.

It is admitted that the general rule on this subject is, that evidence of cohabitation, reputation, acknowledgment by the parties, holding themselves out to the world as husband and wife, are a sufficient proof of the fact of marriage.

But it is claimed, that as this rule is subject to exceptions,

as, for example, that on an indictment for bigamy, the alleged first marriage must be established by proof of actual marriage, and that in actions for crim. con., the same proof is necessary, so upon similar principles the same proof should be required in this case. The exceptions to the general rule have heretofore been said to be confined to the two cases above mentioned; but the Supreme Court, in *Clayton* v. *Wardell*, 5 Barb. S. C. R. 214, held that upon an issue as to the legitimacy of a child, when the actual marriage of its parents was proved, nothing less than evidence of a prior actual marriage of the father should be permitted to establish the illegality of the second.

I fully appreciate the propriety of requiring, on the trial of an individual for an alleged crime, the highest evidence which the nature of the case will permit. Not only the presumption in favor of a man's innocence, but the cautious jealousy with which the law protects the liberty of the citizen, may well forbid a conviction of a crime upon mere presumptions from circumstances—which, though true, are not inconsistent with innocence of the offence charged—when higher evidence may presumptively be given. And it may be that the charge upon which it is sought to bastardize the issue of an actual marriage ought to rest upon the same evidence, not only because the charge imputes to the father the crime of bigamy, but also because the consequences of sustaining this charge are of so grave a character, affecting the issue more seriously than the loss of property, that such presumptions ought not to be entertained. At all events, I do not deem it necessary, for the purposes of this case, to question the correctness of the decision of the Supreme Court.

But I am not aware that in any case, in which the action proceeds merely upon the ground of making compensation for an injury either to a wife, or to a husband through the wife, or for the loss of a wife's services, any such exception was ever made, nor do I perceive the propriety of such an exception. The trial does not peril the liberty or the life of the defendant. It puts at hazard no question so serious as legiti-

nacy, affecting not merely the inheritance, but the position in society of the issue for life, and it may also be prejudicing their issue after them.

But it was ingeniously argued, that the present action imputes crime as truly as an indictment for bigamy, since enticing away a man's wife was punishable by fine and imprisonment so early as 3d Edward I., and that, therefore, the presumption of innocence should prevail over, or at least should countervail a presumption of marriage, founded on circumstances only; and counsel urge that the rule in actions of crim. con., by which proof of actual marriage is required, supports this view.

I apprehend that this is an erroneous view of the rule. It is not true that when the facts necessary to support the civil action are of a criminal nature, the exception arises, nor is the exception pleaded upon any such grounds. If it were, then, in an action by the husband for loss of service, by reason of an assault and battery of the wife, or trespass by husband and wife for the personal injury, and especially if the assault were with intent to kill, the same necessity of proving actual marriage would exist, for in each of these cases the plaintiff, to sustain the action, proves in fact the commission of an offence, which may be the subject of indictment and punishment by fine and imprisonment.

The ground of the exception where it arises is, that the action itself is penal, i. e., in indictments for bigamy, the proceeding involves the liberty of the subject; the object is punishment, and no one shall be subjected to punishment but upon the best evidence the nature of the case will allow.

The exception in the action of crim. con. did not, I think, originate in the idea that the presumption of innocence is at least equal to a presumption founded in any circumstances short of actual marriage, but upon the very distinction which I have suggested.

The first reported case in which the exception in such an action was recognized, so far as I have been able to discover, was *Morris* v. *Miller*, 4 Burr. 2,057, and that case has been

ever since followed. In that case Lord Mansfield does not place the rule that an actual marriage must be proved on the ground that the facts alleged impute crime, but upon the distinct ground that it was a sort of criminal action; that there was no other way of punishing this crime at the common law.

The action itself is therefore peculiar, and the exception is stated in that case to apply to no other action which is in form civil; and in *Birt* v. *Barlow*, Douglass, 171, Lord Mansfield expressly places the exception upon this ground. He says, "An action for crim. con. has a mixture of penal prosecution, and that such an action is the only civil case where it is necessary to prove an actual marriage."

I might suggest reasons of public policy, reasons founded in the great inconvenience and oftentimes the impossibility of furnishing proof of actual marriage at a period in which migration is so prominent a characteristic of the age, and especially in a state where the law recognizes the validity of a marriage resting in contract between the parties, unattended with any forms, ceremonies or solemnities, and where registration in any form is not required, which to my mind forbid the extension of the rule requiring such proof to new cases; and I am by no means inclined so to extend it in favor of one who voluntarily invades his neighbor's household to seduce an acknowledged wife from her allegiance, and by such extension to deliver him from his liability to make the husband just compensation.

*Second.*—The defendant insists that the judge erred on the trial in excluding the alleged wife, when offered by the defendant as a witness to prove that she was not, in fact, the wife of the plaintiff.

The rule that a wife is not competent to testify against her husband is not questioned, but it is urged that when the question, whether the proposed witness is a wife or not, is the very question upon which the jury are to pass, she is competent. In other words, that the court cannot say she is the wife, and so exclude her, because that is deciding in advance the very question of fact which should be left to the jury.

A plausible answer to the defendant's argument, though perhaps liable to similar, yet to no greater criticism, may be stated thus: If the proofs, without her testimony, do establish the marriage, then the jury will so find, and the witness was in fact incompetent. But if the plaintiff's proofs do not establish the marriage, then the jury will so find, and the defendant must have a verdict. So that to allow her to testify is to assume that no marriage is proved, and if that be assumed by the court, then the plaintiff should be nonsuited, and no evidence from the defendant was necessary. While to exclude her testimony is only to say, that the court deems the marriage *prima facie* established. If the jury should so find, then the exclusion is clearly proper; if the jury do not so find, then the exclusion works no prejudice, since the defendant has a verdict.

The true ground for rejecting her testimony, however, is not involved in either of these syllogistic processes of reasoning.

These counter propositions may, however, be useful to a true understanding of the rule. They both proceed upon the idea that the court may indulge in an assumption on the subject, although the assumption that she is a wife would perhaps be shown to be false, if the witness were permitted to explain her seeming incompetency, and the assumption that she is not a wife might be shown to be false by the verdict.

The defendant has no right to call upon the court to receive an offer which places them in any such position, or exposes their ruling to any such absurdity in its results. It is rather to be said, that when the competency of the witness depends upon the very fact in issue, the witness is never competent. That competency is in doubt by the very state of the case, and there is no mode of removing the doubt but by the verdict. If the plaintiff has given evidence which is *prima facie* sufficient, the witness is incompetent upon the proofs given. If the plaintiff has not given such proofs, he should be nonsuited. In neither case is the examination of the witness by the defendant proper. The embarrassment or hardship, if

any, results from the very nature of the case, and the party who offers the witness must bear the consequences of a difficulty that cannot be overcome.

In the present case, the plaintiff had shown not only cohabitation, general reputation, the holding out of each other by the parties to their friends and neighbors, and the world, as husband and wife, the adoption, by the alleged wife, of the husband's name, and this during a long series of years, but had also shown repeated admissions by the defendant himself that they were husband and wife. I cannot doubt that this was sufficient to exclude her testimony.

It is no unusual thing that the court are required, in the progress of a trial, in ruling upon the admissibility of evidence, to infer and say that facts are proved, as, for example, that a witness offered is interested, or that a paper is lost, or that the execution of an instrument is established, and yet these inferences may and often do involve the very questions upon which the jury are to pass. In such cases the ruling by the court is, in a sense, provisional only; it is founded upon what the court deem *prima facie* proof; and it is the defendant, in a case like the present, who calls upon the court to make an assumption, and that in the face of such *prima facie* proof. He offers the witness. The law upon the proofs already given declares the alleged wife, *prima facie*, incompetent, and the defendant now asks the court to assume that she is not the wife, and so receive her.

I apprehend he has no right, as a matter of law, to require the court to make any assumption, but just the inference from the case as it there stands. So long as any rules touching the admissibility of evidence exist, they can only be administered by requiring the court to pass upon just such questions as these, without any merely hypothetical assumptions, and to dispose of them upon the evidence appearing in the case at the time when the testimony is offered.

The cases chiefly relied upon by the defendant's counsel were settlement cases, in which the alleged husband was not a party to the suit, nor interested in the event.

There are some cases in which the alleged wife was deemed incompetent to testify for her reputed husband, after long cohabitation, and other acts creating a presumption of marriage; but these do not reach the present question. Nor do I find any case which conflicts with the above views, except that *Peat's Case*, in Lew. Cr. Cas. 288, and *Wakefield's Case*, id. 279, are said to sanction an examination of a reputed wife on her own *voir dire*, to prove the invalidity of the marriage. I am not able to perceive the propriety of such an examination, when the question of marriage is the very question for the jury.

The argument in its favor amounts to this: if she will swear she is not the plaintiff's wife, then she is competent to do so. This is simply absurd, for she is offered for that very purpose; the offer of her testimony assumes that she will give it, if permitted; there is no occasion for an examination on her own *voir dire*, if, when sworn, she does not give evidence that she is not married; the offer and the evidence amount to nothing, and to say that if she will give evidence that she is not married, she is, therefore, competent, is to beg the whole question.

I am still of opinion that the ruling on the trial was correct on this point.

*Third.*—The remaining ground on which a new trial is sought is, that the damages are excessive. The verdict for the plaintiff is $10,000 damages.

This is, undoubtedly, in view of the situation of the parties, a very heavy verdict. I feel at liberty to say, that I did not think, upon the trial, that such a verdict ought to be given; nor has a review of the evidence convinced me that, had I been called upon as a juror to decide the facts in this case, I could have united on such a verdict. But my opinion, in this respect, is founded mainly upon a doubt whether the defendant is at all guilty of the wrong charged upon him, not upon the idea that, if guilty, the amount of damages is grossly exaggerated. The evidence of the defendant's guilt is very conflicting; and I think that a verdict for either party

would have been sustained in this respect. The court cannot set it aside as against evidence, nor is this claimed by the defendant's counsel.

Assuming, then, that the defendant is guilty, the case shows enough of aggravation in the malice exhibited by the defendant, and enough of suffering on the part of the plaintiff, to render it improper for the court to interfere with the amount of damages. Indeed, it is so difficult to estimate in dollars the just compensation to a plaintiff for the loss of *i* wife, with whom he had lived for many years in the enjoy ment of all the peace, comfort and happiness of an harmo nious union, that I can hardly suppose a case in which a ver dict should be disturbed on the ground that such compensa tion has been over estimated.

The motion for a new trial must be denied, with costs.

From the order entered upon this decision, the defendant appealed to the general term.

*John Cochrane*, for the defendant, made and argued the following points :

I. The court erred in refusing to dismiss the plaintiff's complaint. No actual marriage was proved—it was to be presumed only from circumstances proved. The offence of persuading away a person's wife was made indictable by statute. (3 Ed. 1 & 13. ; see 3 Black. Com. 139, and notes.) The statute law of England at 1775 became our law. (Const. of 1777, sec. 35 ; Const. of 1846, art. 1, sec. 17.) It therefore being an indictable offence, the rule which in crim. con. cases and indictments for bigamy prevails, that actual marriage should be proved, applies here—the reason of the rule being " that proof of actual marriage is necessary to overcome the presumption which the law makes against crime or acts of a criminal nature." (*Clayton* v. *Wadell*, 5 Barb. S. C. Rep. 214, 216 ; *Commonwealth* v. *Littlejohn*, 15 Mass. 153.)

II. The court erred in excluding Catharine Coombs as a witness. The evidence was *prima facie* and presumptive of mar-

riage between the witness offered and the plaintiff. The alleged wife was the best witness that could be called to speak directly on the subject. (1 Greenleaf Evidence, sec. 339 ; *Peat's Case,* 2 Lew. Cr. Cases, 288 ; *Wakefield's Case,* id. 279 ; *Allen* v. *Hall,* 2 Nott & McCord, 114 ; *Goodright ex dem. Stevens* v. *Mops et al.* Cowp. 593 ; *King* v. *Inhab. of Bromley,* 6 Durnf. & East, 330 ; *King* v. *Inhab. of St. Peters ; Mace* v. *Cadell,* 1 Cowp. 232 ; Phillips, 176–7 ; *Meumer* v. *Covet,* 2 Mart. Lon. Rep. 56 ; *Hill* v. *Wood,* Esp. 722 ; *Poultney* v. *Tarrhaven,* Brayt. 185 ; *Commonwealth* v. *Littlejohn,* 15 Mass. 413 ; Phil. Ev. 88, note, 163 and 192.)

III. The case shows the parties to have been in humble circumstances. The damages were excessive, there being no charge of crim. con. They are flagrantly outrageous and extravagant, so much so as to indicate that the jury must have been actuated by passion, or partiality, or prejudice. (*Coleman* v. *Southwick,* 8 Johns. 45 ; *Southwick* v. *Stevens,* 10 id. 443.)

*Chauncey Shaffer,* for the plaintiff, made and argued the following and other points :

I. The motion for a dismissal of the complaint was properly denied. No actual marriage need be proved. (9 Paige Chanc. Reports, 611 and 574 ; 1 Hill's Reports, 270 ; 5 Johns. Rep. 196 ; 7 Wend. 47 ; 3 Mass. Rep. 317 ; 4 Burr. 2,057 ; 1 Bl. Reports, 632 ; 10 East, 285 ; 4 Johns. 53 and 54.) And see further, the opinion of Judge DALY, in the case of *Linden* v. *Linden,* decided 27th January, 1851.

II. Catharine Scherpf was properly rejected as a witness. Before she was offered as such she had been proved to be the wife of plaintiff by her own affidavit, and was so recognized by the defendant while she was living with her husband, and while she was in Brooklyn, and at all times. (2 Hill's Reports, 181, *Babcock* v. *Booth ;* Greenleaf on Evidence, vol. 1, p. 409, § 339 ; see cases last above cited ; *The People* v. *Carpenter,* 9 Barbour's Reports, 580 ; 2 Kent's Commentaries, 178 ; see 1 Greenleaf's Evidence.) But even

when the question is in doubt, the alleged wife must be excluded as a witness, either for or against the husband.

By the Court. Ingraham, First J.—The exceptions taken on the trial of this cause to the rulings as to the admission of evidence have all, excepting one, been abandoned on this argument. The counsel have only submitted two grounds of appeal as to what took place on the trial, and an objection to the damages awarded as being excessive.

The first point is, that the motion to dismiss the complaint should have been granted. This was upon the ground that direct proof of the marriage was not given; and the act for which the defendant was sued being a criminal act, actual marriage must be proven.

After the full examination given to this point by Judge Woodruff, I deem it unnecessary to repeat what he has so well said in regard to it; but only necessary to add our concurrence with him in the opinion, that in civil actions, for this cause, actual proof of the marriage is unnecessary, and that the same may be proven by cohabitation, reputation and the acknowledgment of the parties.

In addition, however, to the proof in this case, there is the clear admission proven of the defendant, made in the hearing of the witness, Le Rob, that the defendant spoke of Mrs. Scherpf as married; that she was married to Mr. Scherpf, who, he said, was in New York. Such an admission of marriage, in any other than a criminal prosecution, has been held sufficient evidence of marriage, even without proof of actual marriage.

In *Rigg* v. *Cuigenhaven*, (2 Wilson, 399,) it was said, in an action for crim. con., that if it were proven that the defendant had seriously recognized that he knew the woman was the plaintiff's wife, we think it would be evidence proper to be left to the jury, without proving the marriage; and this has been held expressly to be sufficient in *Forney* v. *Hallacher*, 8 Serg. & Rawle, 159.

I think there can be no doubt that, under the evidence in

this case, the motion to dismiss the complaint was properly denied.

The second objection is, that the wife, when offered as a witness for the defendant, was improperly excluded, and should have been received. When she was offered as a witness, the proof of marriage had been sufficiently established to go to the jury on that question. The judge so held on the trial, by refusing the motion to dismiss the complaint, and we think his ruling was proper. If the evidence was sufficient for that purpose, surely, in the absence of all proof to the contrary, the proof was sufficient to establish the marriage, so far as to render the wife incompetent. The case shows, that the person called as Catharine Coombs was the alleged wife of the plaintiff, and the person referred to by the witnesses as his wife. This established the identity of the person offered as a witness with the person to whom the witnesses had referred, and to whom the defendant's admissions related. I am at a loss to see upon what ground a wife can ever be excluded as a witness for or against her husband, if this evidence was not sufficient proof of that relation existing between them for that purpose.

It is said that she should be admitted, where it is to prove the invalidity of the marriage, or, in other words, that the wife, who in all cases is prohibited from being a witness, because the law preserves inviolate the confidential communications between husband and wife, is to be admitted as a witness only in one case, and that a case to prove the adultery of the husband and her own.

We have been referred to no case authorizing the admission of the wife in such a case as a witness. The authorities cited by the defendant do not decide any such point.

In principle and upon authority, as far as any can be found applicable, the rule is the other way. Cases may be found where a witness was not admitted to prove his previous marriage with a party to the suit. (*Boughton* v. *Harper*, 2 Ld Ray. 752.) So, if a woman sues as a *feme sole*, a witness cannot be called to prove that she was his wife; (*Bentley* v. *Cook*,

cited 2 Term Rep. 265 ;) and so in a case of settlement, where a marriage had been proved between two paupers, a witness to prove his former marriage with one, of them was properly excluded. (*Rex* v. *Inhabitants of Chicago,* 2 T. R. 263.)

The ruling of the court was, I think, proper, and there was no ground for admitting the alleged wife as a witness.

The remaining objection applies to the amount of damages. It is alleged they are excessive. From the case, and all the evidence, it must be apparent that the parties are not in a situation warranting such a heavy verdict, and the recovery of any thing will probably be defeated by the large amount which the jury have given. Still the cause of action is one in which it is difficult to fix any limit to the amount—one which is peculiarly within the province of the jury ; and the mere amount of the damages, without some other fact to establish it, would not justify us in saying that the jury were actuated by improper motives in settling it.

The judgment should be affirmed.

Judgment affirmed.