STATE OF CONNECTICUT *v.* JOHN F.M.[1]
(AC 25313)

DiPentima, Harper and Lavery, Js.

Submitted April 22—officially released September 9, 2008

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

*Martin Zeldis*, public defender, for the appellant (defendant).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Stacey M. Haupt*, assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, J. On this remand from the Supreme Court, we are charged with the duty to determine whether the jury instructions were proper and whether the defendant, John F.M. was targeted in a selective prosecution scheme. We affirm the judgment of the trial court.

As set forth in *State* v. *John F.M.*, 285 Conn. 528, 940 A.2d 755 (2008), "[t]he jury reasonably could have found the following facts . . . . On April 22, 2002, the defendant lived with his wife, J, and her daughter from a prior relationship, the victim, who was seventeen years old. The victim, a junior in high school, stayed home

from school that day due to sickness. The only other person home that morning was the defendant. While watching a movie together in the defendant's bedroom, the defendant engaged in oral sex and vaginal intercourse with the victim. . . .

"The defendant subsequently was arrested and charged with one count of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (4), and one count of sexual assault in the third degree in violation of [General Statutes] § 53a-72a (a) (2).[2] At the close of evidence in the defendant's jury trial, the defendant moved for a judgment of acquittal on both counts. The defendant claimed that the evidence was insufficient to establish that, at the time the sexual assault had occurred, he was responsible for the general supervision of the victim's welfare as required by § 53a-71 (a) (4), or that he was legally married to the victim's mother as required by § 53a-72a (a) (2). The trial court granted the motion with respect to the first count, but denied the motion with respect to the second count, and submitted the case to the jury for deliberation. Thereafter, the jury found the defendant guilty of sexual assault in the third degree in violation of § 53a-72a (a) (2), and the trial court rendered judgment in accordance with the jury's verdict." (Citation omitted; internal quotation marks omitted.) *State* v. *John F.M.*, supra, 285 Conn. 531–32.

This case initially came to this court on direct appeal from the defendant's conviction of sexual assault in the

---

[2] General Statutes § 53a-72a (a) provides in relevant part: "A person is guilty of sexual assault in the third degree when such person . . . (2) engages in sexual intercourse with another person whom the actor knows to be related to him or her within any of the degrees of kindred specified in section 46b-21."

General Statutes § 46b-21 provides: "No man may marry his mother, grandmother, daughter, granddaughter, sister, aunt, niece, stepmother or stepdaughter, and no woman may marry her father, grandfather, son, grandson, brother, uncle, nephew, stepfather or stepson. Any marriage within these degrees is void."

third degree in violation of § 53a-72a (a) (2). See *State v. John M.*, 94 Conn. App. 667, 894 A.2d 376 (2006).[3] This court overturned the conviction of the defendant, and the Supreme Court granted certification to appeal limited to the questions of (1) whether there was insufficient evidence that the defendant was the stepfather of the victim to support a conviction of sexual assault in the third degree and (2) whether it was properly decided that § 53a-72a (a) (2) violated the right to equal protection. See *State* v. *John M.*, 278 Conn. 916, 899 A.2d 622 (2006). The Supreme Court reversed the decision of this court and remanded the case to consider the defendant's remaining claims. See *State* v. *John F.M.*, supra, 285 Conn. 528.

I

The first of the remaining claims alleges that the court inaccurately instructed the jury as to an essential element of the crime. Specifically, the defendant claims that the instruction effectively took away an essential element of the crime, namely, that he was the stepfather of the victim, by discussing an admission made by the defendant to police that he was the victim's stepfather. The state argues that the court charged that the defendant's admissions constituted valid evidence the jury could consider. We agree with the state.

"In determining whether a trial court's charge satisfies constitutional requirements . . . individual jury instructions should not be judged in artificial isolation, but must be viewed in the context of the overall charge. . . . The pertinent test is whether the charge, read in

---

[3] "Following [the Supreme Court's] grant of certification, the appellate clerk's office directed the parties to refer to this case as *State* v. *John F.M.*, rather than *State* v. *John M.*, to avoid confusion with an unrelated case, *State* v. *John M.*, SC 17398, pending in [that] court. See *State* v. *John M.*, 273 Conn. 916, 916–17, 871 A.2d 372 (2005) (granting petition for certification to appeal). Accordingly, we refer to the defendant as John F.M." *State* v. *John F.M.*, supra, 285 Conn. 530 n.2.

its entirety, fairly presents the case to the jury in such a way that injustice is not done to either party under established rules of law. . . . Thus, [t]he whole charge must be considered from the standpoint of its effect on the [jurors] in guiding them to the proper verdict . . . and not critically dissected in a microscopic search for possible error. . . . Accordingly, [i]n reviewing a constitutional challenge to the trial court's instruction, we must consider the jury charge as a whole to determine whether it is reasonably possible that the instruction misled the jury. . . .

"The trial court should never assume a position of advocacy, real or apparent, in a case before it, and should avoid any displays of hostility or skepticism toward the defendant's case, or of any approbation for the prosecution's. . . . In commenting on, or marshaling, evidence during its charge, the court is under a duty to provide a fair summary of the evidence and to demonstrate strict impartiality." (Internal quotation marks omitted.) *State* v. *Rodriquez*, 107 Conn. App. 685, 696, 946 A.2d 294 (2008).

Although we have looked to the entire jury charge, the relevant section is as follows: "The crime of sexual assault in the third degree consists of three elements. These elements are:

"One, the defendant engaged in sexual intercourse with the complainant and, two, the complainant was then his stepdaughter, and three, the defendant knew the complainant was his stepdaughter when he engaged in sexual intercourse with her.

"As to the first element, the defendant engaged in sexual intercourse with the [complainant]. . . .

"As to the second element, the [complainant] was then his stepdaughter. In order to be [the] stepdaughter of the defendant, the defendant must be married to the

complainant's biological mother, and the defendant is not the biological father of the complainant.

"As to the third element, the defendant knew the complainant was his stepdaughter when he engaged in sexual intercourse with her.

"To know has its usual meaning, that is, that the defendant was aware and understood that his wife was the biological mother of the complainant and that he was not the biological father of the complainant.

"An admission of a fact is evidence that the fact is true. If you find that the defendant has admitted that he engaged in sexual intercourse with the complainant, that is evidence that the defendant did, in fact, have sexual intercourse with the complainant.

"If you find that the defendant has admitted that he is married to the complainant's mother and that he and his wife lived together for fourteen years and that he is the complainant's stepfather, that is evidence that he is legally married to the complainant's mother and that he is the complainant's stepfather and that he knew he was the complainant's stepfather.

"Now, bearing in mind the instructions I have given you regarding the crime of sexual assault in the third degree, the state has the burden to prove beyond a reasonable doubt, one, the defendant engaged in sexual intercourse with the complainant and, two, the complainant was then his stepdaughter and, three, the defendant knew the complainant was his stepdaughter when he engaged in sexual intercourse with her."

Our Supreme Court determined that case law stemming from 1827 had been "overruled sub silentio by subsequent decisions of [that] court and, therefore, that the admissions of a criminal defendant not only are

admissible, but often are sufficient, although not con-clusive, evidence of a legal and valid familial relation-ship for purposes of a criminal prosecution." *State* v. *John F.M.*, supra, 285 Conn. 537–38; see *State* v. *Roswell*, 6 Conn. 446 (1827). Because of this legal development, the jury instructions accurately portrayed the law to the jury and were therefore not misleading. The court made it clear that the jury was to make a finding on whether there was an admission of the familial relation-ship. In making this finding, in addition to the admission of the defendant, the jury could consider the testimony of the victim that she was the defendant's stepdaughter, that her mother had married him fourteen years before, that the defendant's son was her stepbrother and that her health insurance was paid in part by the defendant. The victim's sister testified that the defendant was her stepfather as well and that her mother had lived with the defendant before they got married in a church in Texas. Accordingly, we conclude that the jury instruc-tions were not improper.

## II

The defendant seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), for his final remaining claim on appeal, which is that he was selectively prosecuted in a discriminatory manner on the basis of his age and gender because the victim was not likewise prosecuted.[4] The state argues that the record is insufficient for review of this claim. We agree with the state.

---

[4] Under *Golding*, a defendant can, on appeal, prevail on a constitutional claim of error when the claim was not raised in the trial court only if all of the following conditions are satisfied: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40.

The standard of review for claims of selective prosecution is well settled. In cases in which the defense of selective prosecution has been asserted, before a motion to dismiss can be granted, the defendant must prove "(1) that others similarly situated have generally not been prosecuted and that he has been singled out and (2) that he is the victim of invidious discrimination based on impermissible considerations such as race, religion, or the exercise of a constitutionally protected right." (Internal quotation marks omitted.) *State* v. *Delossantos*, 211 Conn. 258, 287, 559 A.2d 164, cert. denied, 493 U.S. 866, 110 S. Ct. 188, 107 L. Ed. 2d 142 (1989); see also *United States* v. *Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974).

The defendant's claim fails because he has not presented an adequate record for review. There was no evidentiary hearing held to present evidence to the trial court on whether the defendant was singled out. The defendant refers to parts of the record to show that he was forty years of age while the victim was seventeen years of age and that they are identically situated with respect to the statute. The record is silent as to the state's decision to prosecute. We cannot continue to analyze this claim without an adequate record.

The judgment is affirmed.

In this opinion the other judges concurred.